19 F.3d 33
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Stacy Anne Runung HEGARTY, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD; Federal Aviation
Administration; Administrator, Federal Aviation
Administration, Respondents.
 No. 92-9555.
 United States Court of Appeals, Tenth Circuit.
 March 22, 1994.
 
 1
 Before KELLY and BARRETT, Circuit Judges and ROGERS, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 ROGERS, District Judge, Sitting by Designation.
 
 
 4
 This is a petition for review of an order of the National Transportation Safety Board (NTSB). Petitioner seeks review of an order of the NTSB which affirmed an administrative law judge's (ALJ) decision revoking petitioner's commercial pilot certificate. Because we find that the instant petition was not timely filed, we must dismiss this action for lack of subject matter jurisdiction.
 
 I.
 
 5
 On January 4, 1989, the FAA issued an order revoking the petitioner's commercial pilot certificate as well as her flight instructor certificate. On September 27, 1989, an ALJ issued a decision modifying the FAA order by revoking only the petitioner's commercial pilot certificate. On July 10, 1992, the NTSB denied petitioner's appeal and affirmed the ALJ's decision. The order was mailed to the petitioner on July 30, 1992. The order was received by the petitioner on August 4, 1992. Petitioner filed her petition for review on October 5, 1992. The court then directed the parties to file briefs on the issue of the timeliness of this case. In responding to the court's order, petitioner argued that the petition for review was timely filed and, in the alternative, requested leave to file a late petition for review.
 
 II.
 
 6
 A petition for review of an order of the NTSB must be filed with the appropriate court of appeals "within sixty days after the entry of such order." 49 U.S.C.App. Sec. 1486(a). A late petition for review may be filed "only by leave of court upon a showing of reasonable grounds for failure to file the petition theretofore." Id. The time limitations of Sec. 1486(a) are jurisdictional in nature. See Greater Orlando Aviation Authority v. FAA, 939 F.2d 954, 959 (11th Cir.1991); Tiger International, Inc. v. Civil Aeronautics Board, 554 F.2d 926, 931 n. 11 (9th Cir.), cert. denied, 434 U.S. 975 (1977). See also Adkins v. Director, Office of Workers Compensation Programs, 889 F.2d 1360, 1361-62 (4th Cir.1989) (statutory time limits for filing petitions for review of agency actions are regarded as jurisdictional and not subject to principles such as waiver or estoppel).
 
 III.
 
 7
 The petitioner has initially suggested that this appeal was timely filed. She contends that her receipt of the decision of NTSB on August 4, 1992 began the running of the period in which to appeal. In support of this argument, she points to the regulations applicable to the date of service of the NTSB order.
 
 
 8
 "The date of entry of the Board Order is the date on which the order is served." 49 C.F.R. Sec. 821.64. The date of service is defined as follows:
 
 
 9
 Whenever proof of service by mail is made, the date of service shall be the mailing date shown on the certificate of service, the mailing date shown by the postmark if there is no certificate of service, or the mailing date as shown by other evidence if there is no certificate of service and no postmark. Where personal service is made, the date of service shall be the date of personal delivery.
 
 
 10
 49 C.F.R. Sec. 821.8(h).
 
 
 11
 Service in this case was by certified mail. The date of service as shown on the certificate of service is July 30, 1992. The sixty-day period began to run on this date. Thus, the petition for review was not timely filed since it was filed over sixty days after July 30, 1992.
 
 
 12
 We are not persuaded by petitioner's contention that the period began to run on the day she received the order. This contention is premised upon her assertion that service in this case was "personal" because the NTSB order was sent by certified mail. The regulations on service provide no support for this argument. These regulations show a distinction between service by mail, whether by certified mail or by regular mail, and personal service. See 49 C.F.R. Sec. 821.8(a) and (c). Personal service, as set forth in these regulations, means actual delivery to the petitioner in person. Service by mail does not constitute "personal" service.
 
 IV.
 
 13
 In the alternative, we must consider petitioner's motion for leave to file her petition after the expiration of the sixty days. As reasonable grounds for failing to file the petition in a timely manner, she asserts that "filing the petition for review within sixty (60) days of actual notice of the order is in and of itself reasonable ground for excusing a seven day difference in interpreting applicable law." The respondent, relying upon Sierra Club v. Skinner, 885 F.2d 591 (9th Cir.1989), argues that a misunderstanding of the rules or a miscalculation of the filing deadlines does not constitute reasonable grounds to excuse the untimeliness of an appeal.
 
 
 14
 In Sierra Club, the petitioner filed its petition for review of an FAA decision in district court over six months after the FAA decision. After dismissal by the district court for lack of jurisdiction, petitioner filed an appeal and applied for leave to file a late petition for review. Petitioner asserted that its petition for review was filed late because it was misled by some language contained in the FAA Handbook. Petitioner further argued that its application should be granted in the interests of justice so that it would have a forum in which to seek judicial review.
 
 
 15
 The Ninth Circuit rejected both of the petitioner's contentions and denied the application for leave to file a late petition for review. The court found that any confusion created by the FAA Handbook could have been cleared up by adequate research by the petitioner. 855 F.2d at 593. The court stated: "We find it difficult to believe that someone among Sierra Club's legal advisers did not sound a note of caution as to jurisdiction." Id. at 594.
 
 
 16
 In Greater Orlando Aviation Authority, the Eleventh Circuit considered an application for leave to file a late petition for review of an order of the FAA. As one of its grounds for relief, the petitioner asserted that it filed a late petition for review because it was attempting to persuade the FAA to reconsider its original decision. The court, while noting that the FAA rules do not allow for reconsideration of the matter involved in the case, found the actions of the FAA confusing enough to allow the petitioner to file a late petition for review. 939 F.2d at 960. The Eleventh Circuit stated:
 
 
 17
 The [petitioner] simply made a mistake in its interpretation of the FAA's procedures. While ignorance is typically not excusable, it is understandable in this case, when one considers the confusion surrounding the FAA's determination of no obstruction.... This confusion likely caused the [petitioner] to ask for review of the September 21 determination. As such we are persuaded that this confusion presents reasonable grounds to explain why the [petitioner] may have waited until after the denial of review before filing its notice of appeal.
 
 
 18
 Id. (Footnote omitted).
 
 
 19
 The court is not persuaded in this case that the petitioner has presented reasonable grounds for filing a late petition for review. Petitioner has not established the type of confusion or excuse that was present in Greater Orlando Aviation Authority. Petitioner has asserted only that the court should allow the late petition because it was filed within sixty days of the actual notice of the NTSB decision. This contention does not present reasonable grounds under Sec. 1486(a). As suggested in Sierra Club and Greater Orlando Aviation Authority, misapprehending the rules that prescribe the number of days in which to file a petition for review does not constitute reasonable grounds. Accordingly, we must deny the petitioner's application for leave to file a late petition and dismiss this petition for lack of jurisdiction because it was not timely filed.
 
 
 20
 IT IS SO ORDERED.
 
 
 
 *
 Honorable Richard D. Rogers, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470