**UNITED STATES COURT OF APPEALS**

**April 30, 2008**

**TENTH CIRCUIT**

CHRISTIAN GILBERT TONY
NADAL,

            Petitioner,

     v.

FEDERAL AVIATION
ADMINISTRATION,

            Respondent.

No. 08-9509
(F.A.A. No. SE-17396)
(N.T.S.B.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

     Petitioner seeks review of a National Transportation Safety Board order

affirming the forty-day suspension of his pilot certificate.  Because we conclude

that his petition for review was not timely filed and that he has not shown

reasonable grounds for his failure to file his petition within the allotted time

period, we must dismiss this action for lack of jurisdiction.

     A petition for review of an NTSB order "must be filed not later than 60

---

     [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

days after the order is issued." 49 U.S.C. §§ 1153(b)(1), 46110(a). "The court may allow the petition to be filed after the 60 days only if there was a reasonable ground for not filing within that 60-day period." § 1153(b)(1); *see* § 46110(a).

Here, Petitioner did not file his petition until three days after the filing deadline. However, he asserts various reasons why we should still consider his appeal. First, Petitioner asserts that we should excuse the late filing because he understood the filing period to begin when he actually received the NTSB order, not when it was issued. Second, he suggests that the petition might be considered timely because he put it in the mail one day before the due date. Finally, Petitioner argues that we should waive the late filing based on the merits of his petition.

We are not persuaded by Petitioner's procedural arguments. The relevant statutes provide that filing must occur "not later than 60 days after the order *is issued*," 49 U.S.C. §§ 1153(b)(a), 46110(a) (emphasis added), and the Federal Rules of Appellate Procedure clearly state that "[f]iling may be accomplished by mail addressed to the clerk, but filing is not timely unless the clerk receives the papers within the time fixed for filing," Fed. R. App. P. 25(a)(2)(A). "[M]isapprehending the rules that prescribe the number of days in which to file a petition for review does not constitute reasonable grounds." *Hegarty v. Nat'l Transp. Safety Bd.*, 19 F.3d 33 (table), 1994 WL 95958, at *3 (10th Cir. 1994) (rejecting argument that late filing should be permitted because petition was filed

within sixty days after petitioner received actual notice of NTSB decision).

As to Petitioner's substantive argument that we should waive the timeliness problem based on the merits of his claims, the relevant statutes provide that we may allow late filing only if a petitioner had reasonable grounds for the failure to timely file. *See* 49 U.S.C. §§ 1153(b)(1), 46110(a). "[S]tatutory provisions specifying the timing of review . . . are . . . mandatory and jurisdictional," *Stone v. INS*, 514 U.S. 386, 405 (1995) (internal quotation marks omitted). We may not consider a petition over which we lack jurisdiction, regardless of its merits.

Our careful review of Petitioner's "Response to Court Order" and "Response to Federal Aviation Administration's Motion to Dismiss for Lack of Jurisdiction" reveals no reasonable ground for Petitioner's failure to file his petition within the sixty-day period. We therefore **DISMISS** this petition for lack of jurisdiction.

Entered for the Court


Monroe G. McKay
Circuit Judge