**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 14, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TULSA AIRPORTS IMPROVEMENT
TRUST, for and on behalf of Cinnabar
Service Company,

     Petitioner,

v.

FEDERAL AVIATION
ADMINISTRATION,

     Respondent.

No. 15-5009

---

**ON PETITION FOR REVIEW OF A FINAL ORDER
OF THE FEDERAL AVIATION ADMINISTRATION
(Court of Federal Claims No. 13-906-CFL)**

---

Roger M. Gassett, of Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.,
Tulsa, Oklahoma, (John M. Hickey, of Hall, Estill, Hardwick, Gable, Golden &
Nelson, P.C., and Steven K. Metcalf of McDonald, McCann, Metcalf & Carwile,
L.L.P., Tulsa, Oklahoma, with him on the briefs), for Petitioner-Appellant.

Edward Himmelfarb, Attorney, Appellate Staff, Civil Division, Department of
Justice, Washington, D.C., (Benjamin C. Mizer, Principal Deputy Assistant
Attorney General; and Michael S. Raab, Attorney, Appellant Staff, Civil Division,
Department of Justice, Washington, D.C., with him on the brief), for Respondent-
Appellee.

---

Before **BRISCOE, MURPHY** and **PHILLIPS**, Circuit Judges.

---

**BRISCOE**, Circuit Judge.

Tulsa Airports Improvement Trust (TAIT) seeks reimbursement for amounts it paid to a third-party contractor in furtherance of a noise abatement program funded primarily by grants from the Federal Aviation Administration (FAA). Because its petition for review of agency action was not timely filed, we dismiss the action.

**I**

Since the mid-1990s, TAIT has been working to reduce noise caused by the Tulsa International Airport. Tulsa Airports Improvements Trust v. United States, 120 Fed. Cl. 254, 256–57 (2015). TAIT's efforts have largely been funded by grants from the FAA. Id. at 257. In 2002, while awaiting the approval of additional grant funding, TAIT instructed its contractors to place some projects on hold until additional funds were approved. Id. at 257–58. As a result of the delay, some contractors "demanded contract increases or terminated their contracts." Id. at 258. Consequently, TAIT paid $705,913.40 to its contractors and then sought reimbursement from the FAA. Id. The FAA initially reimbursed TAIT for the costs, but subsequently demanded repayments totalling $656,574.37 after determining that the payments were "contract delay/escalation costs," which were "not allowable" costs under the grants. Id. TAIT reimbursed the FAA for these amounts. Id. In 2010, TAIT sought reconsideration and the FAA provided

2

reimbursements for supplemental allowable costs in the amount of $569,566.00. See Agency Record (AR) at 2187.

On January 23, 2012, TAIT informed the FAA that it had reviewed the remaining unpaid expenses[1] and had "identified numerous cost categories which [were] eligible for reimbursement." AR at 487. TAIT requested that the FAA review the attached documentation and approve the reimbursements. Id. On October 24, 2012, the FAA's Southwest Region responded that it had "carefully examined the information" provided and "[could not] make a favorable determination of additional allowable costs." AR at 1140. This letter stated that "additional reviews on the [grants] would not be considered an efficient use of resources." Id. TAIT responded by appealing to the FAA's Associate Administrator for Airports on December 6, 2012. AR at 1141. On December 31, 2012, the Associate Administrator for Airports issued a letter to TAIT stating that, because TAIT's most recent request for reimbursement did not delineate costs that had been reimbursed as well as allowable costs that were outstanding, the FAA was "unable to find that there [were] potentially eligible costs that ha[d] not been reimbursed." AR at 2190. The letter further stated that TAIT should

---

[1] Although the parties do not specify the amount contested, we estimate from the record that TAIT is seeking reimbursement for a portion of approximately $87,000.00 in outstanding expenses.

3

resubmit any information that it believed had not been considered.  Id.  TAIT submitted no further documentation to the FAA.

Instead, on November 14, 2013, TAIT filed a breach of contract action in the Court of Federal Claims, invoking jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1).  Tulsa Airports Improvements Trust, 120 Fed. Cl. at 256.  TAIT alleged that the FAA had wrongfully determined that the payments in question were "not allowable grant costs."  Id. at 256.  The Court of Federal Claims determined that it did not have subject matter jurisdiction because either 49 U.S.C. § 46110 or 49 U.S.C. § 47111 vested exclusive jurisdiction in the United States Court of Appeals.  Id. at 263.  Accordingly, it transferred the case to this court.  Id. at 265–66.  For procedural purposes, we now consider it as a petition for review of agency action.

## II

TAIT asks us to compel the FAA "to conduct a hearing to formally consider TAIT's request for reimbursement under the Grants" — the procedure required by section 47111.  Aplt. Br. at 9.  TAIT argues that section 47111 applies; that under either section 46110 or section 47111, the FAA did not issue a final order appropriate for judicial review; and that even if the FAA did issue a final order, its wording created confusion that caused TAIT's delay in filing this petition.  We disagree.

First, we conclude that 49 U.S.C. § 46110 governs this action because 49 U.S.C § 47111 does not apply.  Section 46110 is a general review provision that allows a person

4

to petition for review of an order in which the person has a substantial interest.[2] 49

U.S.C. § 46110(a). Section 47111 specifically allows a person to petition for review of

an agency's decision to withhold a payment that is due under a grant agreement.[3] 49

---

[2] Section 46110(a) provides:

> (a) Filing and Venue. — Except for an order related to a foreign air carrier subject to disapproval by the President under section 41307 or 41509(f) of this title, a person disclosing a substantial interest in an order issued by the Secretary of Transportation (or the Under Secretary of Transportation for Security with respect to security duties and powers designated to be carried out by the Under Secretary or the Administrator of the Federal Aviation Administration with respect to aviation duties and powers designated to be carried out by the Administrator) in whole or in part under this part, part B, or subsection (l) or (s) of section 114 may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business. The petition must be filed not later than 60 days after the order is issued. The court may allow the petition to be filed after the 60th day only if there are reasonable grounds for not filing by the 60th day.

[3] Section 47111(d) provides:

> (d) Withholding Payments. — (1) The Secretary may withhold a payment under a grant agreement under this subchapter for more than 180 days after the payment is due only if the Secretary— (A) notifies the sponsor and provides an opportunity for a hearing; and (B) finds that the sponsor has violated the agreement. (2) The 180-day period may be extended by— (A) agreement of the Secretary and the sponsor; or (B) the hearing officer if the officer decides an extension is necessary because the sponsor did not follow the schedule the officer established. (3) A person adversely affected by an order of the Secretary withholding a payment may apply for review of the order by filing a petition in the United States

(continued...)

5

U.S.C. § 47111(d). This section also sets forth procedures that must be followed before a payment may be withheld. See 49 U.S.C. § 47111(d)(1).

Contrary to TAIT's contention, section 47111 does not apply to a finding that certain costs are not allowable under a grant agreement. Before the United States may be obligated to make a payment under a grant agreement, the statutory scheme requires that the Secretary first decide that the cost is allowable. 49 U.S.C. § 47110. Until such a determination has been made, no payment can be due. Section 47111 only applies to the withholding of payments that are "*due*" under a grant agreement. 49 U.S.C. § 47111(d)(1) (emphasis added). A determination that a particular cost is not allowable is not a withholding of a payment that is due, but merely a determination that no payment was ever owed. Furthermore, section 47111 applies to situations in which the payment is withheld due to a violation of the grant agreement. See 49 U.S.C. § 47111(d)(1)(B). In order to withhold a payment under this section, the Secretary must notify the sponsor, provide an opportunity for a hearing, and make a finding that the sponsor has violated the grant agreement. 49 U.S.C. § 47111(d)(1). The FAA made no such finding because there is no allegation that TAIT violated the grant agreement. The payments were denied because the costs were not allowable, and not because of an independent violation of the

---

(...continued)
> Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the project is located. The petition must be filed not later than 60 days after the order is served on the petitioner.

6

grant agreement. Because section 47111 does not apply, TAIT must challenge the FAA's action under the general judicial review provision, 49 U.S.C. § 46110.

Second, we conclude that the December 31, 2012 letter is a final order issued by the FAA. We have not previously had the opportunity to address what constitutes an "order" under section 46110, but those circuits that have considered the meaning of "order" under this section or its predecessor, 49 U.S.C. § 1486, have concluded that an agency decision is an "order" only if it possesses "the quintessential feature of agency decisionmaking suitable for judicial review: finality." Vill. of Bensenville v. FAA, 457 F.3d 52, 68 (D.C. Cir. 2006) (citing Aerosource, Inc. v. Slater, 142 F.3d 572, 577 (3d Cir. 1998) (collecting cases)). Accordingly, the agency action must "mark the consummation of the agency's decisionmaking process," and "be one by which rights or obligations have been determined, or from which legal consequences will flow." Bennett v. Spear, 520 U.S. 154, 177–78 (1997) (quotations omitted); see also Vill. of Bensenville, 457 F.3d at 68 (applying Bennett in the context of 49 U.S.C. § 46110). In addition, most circuits require that the alleged order "be predicated on an administrative record sufficient to allow a court to engage in a meaningful review," but this requirement is "not a demanding one." Burdue v. FAA, 774 F.3d 1076, 1080 (6th Cir. 2014) (collecting cases).

A communication need not be formal to constitute a final agency action. Numerous circuits have held that letters from the FAA, including those not issued

7

by the Administrator, constitute "orders" for purposes of 49 U.S.C. § 46110. Aerosource, Inc., 142 F.3d at 577–78 (collecting cases). Further, under a similar statute, we have concluded that an informal agency communication may constitute an order suitable for judicial review. TransAm Trucking, Inc. v. Fed. Motor Carrier Safety Admin., 808 F.3d 1205, 1212 n.4 (10th Cir. 2015) ("[T]he informal nature of the email communication doesn't necessarily determine whether it was a 'final order' within the meaning of [28 U.S.C.] § 2342(3)(A)."). In addition, "[t]he mere possibility that an agency might reconsider in light of 'informal discussion' and invited contentions of inaccuracy does not suffice to make an otherwise final agency action nonfinal." Sackett v. E.P.A., 132 S. Ct. 1367, 1372 (2012).

The FAA's December 31, 2012 letter is a final order. The letter marks the consummation of the FAA's decisionmaking process. It details TAIT's prior requests and the FAA's responses thereto, including the various requests, reviews, grants, and denials over the preceding ten years. There is no indication in the letter or in the record that any additional process on the FAA's part was to follow. Although the letter does provide TAIT an opportunity to resubmit any information the FAA had not yet considered, this invitation does not make an otherwise final decision nonfinal. Absent additional action from TAIT, the FAA made clear that it would not reconsider the request. Following the receipt of the December 31, 2012 letter, TAIT took no further action. In addition, the letter determined rights

8

and obligations by concluding that TAIT had no right to reimbursement for the requested funds and that the FAA had no obligation to pay them.  These are legal consequences sufficient to indicate finality.  Further, the administrative record, which includes nearly 3000 pages of letters, agreements, and payment records from 2002 through 2012, is sufficient for review.  The parties have provided us with relevant communications between themselves, as well as documentation supporting TAIT's claim to reimbursement.  Thus, the December 31, 2012 letter from the FAA is a final order suitable for judicial review under section 46110.

Third, we conclude that the action was not timely filed.  Section 46110 provides that a petition for review of an agency order generally must be filed not later than sixty days after the agency order is issued.  49 U.S.C. § 46110(a).  A court does have discretion to allow a petition filed after the sixtieth day if there are reasonable grounds for the delay.  Id.  Because the FAA's letter on December 31, 2012 was a final order, the sixty-day period expired on March 1, 2013.  TAIT did not file its action in the Court of Claims until November 14, 2013[4] — more than eight months after the statutory period expired.  Further, TAIT has not established any reasonable grounds to justify its delay.

---

[4]  We consider this petition for review as if it had been filed in this court on the date on which it was actually filed in the Court of Federal Claims.  See 28 U.S.C. § 1631.

Agency-created confusion has been recognized in some circuits as a basis for finding delay to be reasonable. See, e.g., Safe Extensions, Inc. v. FAA, 509 F.3d 593, 603–04 (D.C. Cir. 2007) (excusing delay when the FAA had stated that a revision was forthcoming but never issued one); Greater Orlando Aviation Auth. v. FAA, 939 F.2d 954, 960 (11th Cir. 1991) (excusing delay when the FAA's inconsistent communications caused confusion), abrogated on other grounds by Henderson v. Shinseki, 562 U.S. 428, 438 (2011), as recognized in Corbett v. TSA, 767 F.3d 1171, 1174 (11th Cir. 2014). But we do not have such factual circumstances here. The D.C. Circuit has twice held this year that ambiguity in a letter issued by an agency does not excuse delay. See Nat'l Fed'n of the Blind v. DOT, 827 F.3d 51, 57 (D.C. Cir. 2016); Elec. Privacy Info. Ctr. v. FAA, 821 F.3d 39, 43 (D.C. Cir. 2016). We agree with the D.C. Circuit that parties should assume finality in the face of ambiguity and file protectively for judicial review. See id. Thus, if there was any ambiguity in the December 31, 2012 letter, it does not excuse TAIT's delay in filing a petition for review. Moreover, a plain reading of the December 31, 2012 letter makes clear that the FAA's determination was final and no reimbursements would be issued unless TAIT took further action, either by resubmitting documentation in the format recommended by the FAA, or by appealing to this court within sixty days. TAIT did neither.

## III

The petition for review of agency action is DISMISSED as not timely filed.

10