**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**September 17, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

BARBARA FRANTZ,

    Plaintiff - Appellant,

v.

STATE OF KANSAS; JEFF ZMUDA,
Secretary of Corrections; GLORIA
GEITHER, Warden, Topeka correctional
facility; DAVID MCCABE, Acting
Warden, Topeka Correctional Facility;
RYAN SHANKS, EAI Officer; JOSHUA
WINKLEMAN, EAI Officer, Topeka
Correctional Facility; CATHY
ROBINSON, Director of Health Care
Services, Kansas Department of
Corrections, in their individual and official
capacities; CENTURION, contracted
medical provider for Topeka Correctional
Facility; MICHELLE CALVIN, Centurion
Medical Services Administrator; JENA
LEE, M.D., Centurion; APRIL FARRELL,
APRN, Centurion; SARA HART, APRN,
Centurion; GREGORY ERB, M.D.,
Centurion; SCOTT LOGAN, M.D., Global
Diagnostic Services; FRANCISCO
CORREA, M.D., Cotton O'Neil
Endocrinology; ANDREW DEDEKE,
Sheriff, Leavenworth County; MICHELLE
(LNU), Physician Assistant, Leavenworth
County Jail, a/k/a Jane Doe; MELISSA
WARDROP, LPN, Leavenworth County
Jail; JANE AND JOHN DOE,
Leavenworth County Sheriff officers
involved in operating the Leavenworth
County Jail on 7/24/17 through 7/25/17, in
their official and individual capacities,

No. 24-3032
(D.C. No. 5:23-CV-03246-JWL)
(D. Kan.)

Defendants - Appellees.

---

## ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.

---

Plaintiff Barbara Marie Frantz, proceeding pro se and *in forma pauperis*, is a prisoner at the Topeka Correctional Facility (TCF) in Kansas. She appeals the district court's order dismissing her civil-rights action under 42 U.S.C. § 1983 for failure "to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

Plaintiff's Third Amended Complaint (TAC), the operative complaint, names multiple defendants including the Kansas Department of Corrections, various prison officials, and medical providers; and it raises several claims: a claim under the Eighth Amendment of deliberate indifference to serious medical needs; a due-process claim for allegedly ignoring her grievances about her medical care; and a First Amendment claim alleging a violation of her "right to file a grievance report against prison official." R., Vol. III at 19.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We review de novo a district court's order dismissing a prisoner's § 1983 complaint under 28 U.S.C. § 1915 for failure to state a claim. *See Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009). We construe pro se pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But pro se litigants must still comply with the rules of procedure. *See McWhorter v. Fed. Aviation Admin.*, 88 F.4th 1317, 1323 (10th Cir. 2023). We are thus not bound by legal conclusions or conclusory factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The district court dismissed the TAC on several grounds. First, the court pointed out that Plaintiff's complaint stated claims that were "duplicative of claims she previously brought before this Court and the Tenth Circuit." *Frantz v. State of Kansas*, No. 23-3246-JWL, 2024 WL 775818, at *2 (D. Kan. Feb. 26, 2024); *see Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) ("Repetitious litigations of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915 as frivolous or malicious." (brackets and internal quotation marks omitted)).

Second, the court dismissed the Eighth Amendment claims for failure to adequately allege the requisite deliberate indifference, explaining that the claims show "a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment [that] does not constitute cruel and unusual punishment." *Frantz*, 2024 WL 775818, at *4; *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

Page 3

Third, the district court dismissed the due-process and First Amendment claims, which focused on Plaintiff's discontent with the responses to her grievances, explaining that "there is no constitutional right to an administrative grievance system." *Frantz*, 2024 WL 775818, at *3; *see Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (for purposes of the Due Process Clause, "the existence of a prison grievance procedure confers no liberty interest on a prisoner."); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."); *Gray v. Geo Grp., Inc.*, 727 F. App'x. 940, 948 (10th Cir. 2018) (following *Flick*).

On appeal Plaintiff has failed to explain where the district court erred. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (first task of appellant is to explain why district court's decision was incorrect). Her brief simply repeats allegations in her complaint and makes conclusory, undeveloped assertions of law without making any effort to rebut the district court's reasoning.

Therefore, for substantially the same reasons set forth in the district court's order, we **AFFIRM** the dismissal of Plaintiff's action in its entirety. We **DENY** her request for appointment of counsel. We **GRANT** Plaintiff's motion to proceed *in forma pauperis* but remind her that she remains obligated to continue to make partial

payments until the filing fee is paid in full.

Entered for the Court


Harris L Hartz
Circuit Judge